**KNIGHT LAW GROUP LLP**
Roger Kirnos (SBN 283163)
kirnosrk@knightlaw.com
Maite Colon (SBN 322284)
maitec@knightlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiffs,
IGNACIO IBARRA AMAVIZCA and
PRICILA IBARRA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IGNACIO IBARRA AMAVIZCA and PRICILA IBARRA,**<br><br>Plaintiffs,<br><br>v.<br><br>**NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,**<br><br>Defendant. | **Case No.: 5:22-cv-02256-JAK-KK**<br><br>(Removed from Superior Court of California, County of Riverside, Case No. CVRI2201245)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA**<br><br>*Assigned for All Purposes to the Honorable **John A. Kronstadt***<br><br>**Date: April 3, 2023**<br>**Time: 8:30 a.m.**<br>**Courtroom: 10B** |

-1-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs Ignacio Ibarra Amavizca and Pricila Ibarra ("Plaintiffs filed this action against Defendant Nissan North America, Inc. ("Defendant" or "NNA") in the Superior Court of California, County of Riverside, on March 24, 2022, concerning a new 2018 Nissan Altima (the "Subject Vehicle") distributed by Defendant with serious defects and nonconformities to warranty, including to the transmission, among other things. The Complaint alleges four causes of actions: violation of the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"); fraudulent inducement- intentional misrepresentation; fraudulent inducement – concealment; and negligent repair. See Complaint, Dkt. No. 1-2.

Defendant removed this case on December 27, 2022. However, removal is improper as Defendant has failed to meet its burden to establish that the amount in controversy requirement is met in this case. Defendant contends, contrary to the great weight of authority, that simply because Plaintiffs seek incidental and consequential damages, civil penalties and attorneys' fees in addition to a repurchase under the Song-Beverly Act, speculative estimates of such damages, penalties and fees must be included in the amount in controversy to establish that this Court possesses diversity jurisdiction. See Removal Notice, Dkt. No. 1, ECF pp. 4-13. At this stage, Defendant has not met its burden by preponderance of the evidence, more likely than not, that Plaintiffs will obtain such damages, penalties and fees at trial thereby exceeding the $75,000 amount in controversy.

Defendant's conclusory statements alone set forth in its Notice of Removal are insufficient to meet its burden of proving that removal was proper, and do nothing to establish that the amount in controversy requirement has been met. Defendant's calculation of potential incidental and consequential damages and civil penalties to be awarded in this case is speculative and flawed. Similarly, and with

-2-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA

no supporting evidence, Defendant argues that attorneys' fees in this action should also be considered as part of the amount in controversy. Defendant does not, however, offer sufficient evidence or calculation for what attorneys' fees in this matter may be to render a finding by this Court that they should be considered in determining the amount in controversy.

Accordingly, Defendant's removal was improper and this case should be remanded to California State Court because there are no grounds to establish federal subject matter jurisdiction pursuant to either federal question jurisdiction, (28 U.S.C. § 1331) or diversity jurisdiction (28 U.S.C. § 1332) theories.

## II. BRIEF STATEMENT OF FACTS

On or around May 27, 2018, Plaintiffs purchased the Subject Vehicle from a NNA authorized dealership. See Complaint, Dkt. No. 1-2, ECF p. 5. Plaintiffs subsequently experienced a number of problems with the Subject Vehicle's transmission and took it in for repairs on several occasions to address them. *Id.* at ECF pp. 13, 15-16. However, the problems persisted following each repair attempt. *Id.* Plaintiffs initiated this action on March 24, 2022 in the Superior Court of California, County of Riverside.

## III. STANDARDS FOR REMOVAL AND REMAND

To survive a motion for remand, a defendant seeking removal has the burden of proving that federal subject matter jurisdiction is present. *Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). A court must remand a matter to the jurisdiction from which it was removed upon finding that the court lacks subject matter jurisdiction at the time of removal. *Bromwell v. Michigan*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA

*Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

Where the purported basis for federal subject matter jurisdiction is diversity jurisdiction, a defendant seeking removal must establish that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where the amount in controversy is not clear from the face of the complaint, the removing defendant must establish by a *preponderance of the evidence* that the amount-in-controversy requirement is satisfied. *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)(emphasis added).

Conclusory allegations as to the amount in controversy are insufficient. *Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003). Nor can a defendant establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Rather, the defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *See id.* (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)) (internal quotation marks omitted).

**IV.   ARGUMENT**

    **A. Defendant Has Failed To Establish That The Amount In Controversy Is Met**

Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant's amount in controversy analysis is insufficient for a number of reasons. Defendant does not even attempt to

-4-

justify an assumed maximum civil penalties award in this case or show that it is more likely than not that civil penalties will be awarded. Defendant's assertion that Plaintiffs' potential attorneys' fees should count towards the amount-in-controversy is also speculative and cannot form the basis for an amount-in-controversy calculation. Thus, Defendant has not met its burden and has failed to establish that this Court has subject matter jurisdiction over the instant action.

          1.    <u>Defendant's Amount in Controversy Calculation Fails Because Its Civil Penalties Estimate is Speculative</u>

A civil penalty is applicable only if a court determines that a defendant's failure to comply with the Act is willful. Cal. Civ. Code §§ 1794(c). This amount is to be determined by the trier of fact based on the specific facts of the case. Thus, civil penalties are speculative at this point. Where a manufacturer has not offered any evidence to support an award for civil penalties, the Court is unable to determine what civil penalties might be imposed and thus cannot conclude the amount in controversy. In *Zawaideh v. BMW of North America, LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018), the court noted that "[r]ather than simply assume that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the [c]omplaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." Ford has provided no such evidence and thus it has failed to show that civil penalties should be included in the amount in controversy calculation. See *Ronquillo v. BMW of North America, LLC*, No. 3:20-cv-1413-W-WVG, 2020 WL 6741317 (S.D. Cal. Nov. 17, 2020); *D'Amico v. Ford Motor Company*, No. CV 20-2985-CJC (JCx), 2020 WL 2614610 (C.D. Cal. May 21, 2020); *Sood v. FCA US, LLC*, NO. CV 21-4287-RSWL-SKx, 2021 WL 4786451 (C.D. Cal. Oct. 14, 2021); *Vega v. FCA US, LLC*, No. 2:21-cv-05128-VAP-MRWx, 2021 WL 3771795, *3 (C.D. Cal. Aug. 25,

-5-

2021); *Esparza v. FCA US LLC*, No. 2:21-cv-01856-RGK-MRW, 2021 WL 949600, at *1 (C.D. Cal. Mar. 12, 2021); *Garcia v. FCA US LLC*, 2:20-cv-04779-VAP-MRWx, 2020 WL 4219614, *3 (C.D. Cal. July 22, 2020); *Chavez v. FCA US LLC*, No. 2:19-cv-06003-ODW (GJSx), 2020 WL 468909, *2 (C.D. Cal. 2020); *Lopez v. FCA US LLC*, No. 2:19-cv-07577-RGK-MRW, 2019 WL 4450427, *2 (C.D. Cal. Sep. 16, 2019); *Eberle v. Jaguar Land Rover N. Am., LLC*, No. 2:18-cv-06650-VAP (PLAx), 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (collecting cases).

Defendant has not offered any evidence whatsoever to support an award for civil penalties, and thus, it is unable to establish in its Notice of Removal what civil penalties might be imposed in this action. Defendant's Notice of Removal merely points to Plaintiffs' civil penalties claim in their Complaint and asserts that this alone is sufficient to establish that the maximum amount of civil penalties should be included in the amount in controversy. Removal Notice, Dkt. No. 1, ¶¶ 28-33. "Simply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is 'more likely than not' that the amount in controversy requirement is satisfied.'" See *Makol v. Jaguar Land Rover North America, LLC*, No. 18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal., June 28, 2018) (remanding action to state court) (quotations and citation omitted); *Castillo v. FCA US LLC*, No. 19-cv-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding action to state court *sua sponte* and reasoning in part that "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed. While courts frequently treat the civil penalty under Song-Beverly as a form of punitive damages that may be appropriately included in an amount-in-controversy calculation, [the d]efendant has made no showing that such a civil penalty is more likely than not to be awarded here.") (citing *Herko v. FCA US, LLC*, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019)); see also *Khachatryan v. BMW of N. Am.,*

*LLC,* No. CV 21-1290 PA (PDX), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021); *Lopez*, 2019 WL 4450427, at *2; *Eberle*, 2018 WL 4674598, at *2.

Here, Defendant has provided no evidentiary basis for the Court to evaluate civil penalties for inclusion into the amount in controversy requirement. Defendant contends that Plaintiffs are seeking up to $65,504.88 in civil penalties. See Removal Notice, Dkt. No. 1, ¶ 31. This amount relies solely on an assumption that a jury would award the maximum civil penalty and maximum restitution without deducting the statutory mileage offset. See *Vega v. FCA US LLC,* No. 2:21-cv-05128-VAP-MRWx, 2021 WL 3771795, *3 (C.D. Cal Aug. 25, 2021) (granting remand because the defendants failed to account for the plaintiff's vehicle's use offset); *Schneider v. Ford Motor Co.*, 756 F.Appx. 699, 701 n. 3 (9th Cir. 2018) ("Consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy as the circuit has "recognized that an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable.") (internal quotation marks omitted). These amounts for civil penalties are speculative at best and amount to nothing more than an empty presumption that Plaintiffs will recover the maximum civil penalties permitted in Plaintiffs' Song-Beverly Act claims. At this stage, Defendant has not shown that it is more likely than not that civil penalties will be awarded at all.  Defendant has failed to show that the amount in controversy is met.

        2.    <u>Defendant Fails to Meet Its Burden to Prove that the Amount in Controversy Requirement Is Satisfied by the Inclusion of Speculative Amounts of Attorneys' Fees</u>

A defendant may attempt to prove future attorneys' fees should be included in the amount in controversy, but retains the burden of proving the amount of such future attorneys' fees by a preponderance of the evidence. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788, 794 (9th Cir. 2018). In *Brady v. Mercedes Benz USA, Inc.,* 243 F.Supp.2d 1004, 1011 (N.D.Cal. 2002), the

-7-

court included an estimate of future attorneys' fees in the amount in controversy, but only because the parties had included both a declaration from plaintiff's counsel stating his hourly rate and an estimate of fees incurred to date, and a declaration from defendant's counsel detailing fee awards (not requests) in similar lemon law cases to calculate the amount in controversy. See *Sood*, 2021 WL 4786451 at *6.

There is an insufficient showing for amount in controversy regarding attorneys' fees where a "[d]efendant makes no effort to explain what amount of attorney fees might be sought or awarded in this case, neglecting to include so much as an estimate of the hour or billing rates that might apply." *Vega*, 2021 WL 3771795, *4, *Garcia*, 2020 WL 4219614, *3; *Mahlmeister v. FCA US LLC,* No. CV-21-00564-ABA-FMX, 2021 WL 1662578, at *3 (C.D. Cal. Apr. 28, 2021); *Eberle*, 2018 WL 4674598, *3 (finding defendant's claim that it is unaware of plaintiff's hourly rate but anticipates the fees to be in excess of the "less than $5,000" amount stated in the plaintiff's motion insufficient); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that a defendant failed to establish the amount in controversy when including attorneys' fees without estimating "the amount of time each major task will take," or varying the hourly billing rate for each task); *Kinneberg v. Ford Motor Co.,* No. CV-20-00865-ABF-FMX, 2020 WL 3397752, at *2 (C.D. Cal. June 18, 2020).

At no point does Defendant explain how it determined what attorney's fees in this action will be or why they should be considered by this Court as part of the amount in controversy; or what factors about this specific case make an award of attorneys' fees "in excess of $45,000" more likely than not. See Removal Notice, Dkt. No. 1, ¶ 36. Defendant relies on a single case from the universe of available cases in which plaintiffs' counsel sought at least $71,474.02 in attorneys' fees. *Id.* Defendant does not, however, state the amount of attorneys' fees plaintiffs' counsel actually obtained in these cases. Indeed, there have been plenty of cases where

-8-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA

Plaintiffs' counsel, Knight Law Group, obtained substantially less than $45,000, in fact between $2,500 and $9,500 in attorneys' fees, costs and expenses, where the plaintiffs were successful in getting their money back or more. See Kalinowski Decl., ¶¶ 4-11, Exh. A-G (*Chavez v. Ford Motor Company,* No. 5:18-cv-02215-MCS-KK (C.D. Cal. 2021) [attorneys' fees, costs and expenses resolving for $2,500 despite seven depositions of plaintiff and Ford dealership personnel and written discovery]; *Arriaga v. FCA US, LLC,* No. PSC2004169, Riverside County (2021) [attorneys' fees, costs and expenses resolving for $7,500]; *Velasquez v. FCA US, LLC,* No. 2:21-cv-05092-JFW-AGR (C.D. Cal. 2021) [attorneys' fees, costs and expenses resolving for $8,250]; *Luna v. FCA US. LLC,* No. 2:21-cv-07140-AB (JPRx) (C.D. Cal. 2021) [attorneys' fees, costs and expenses resolving for $4,500]; *Garay v. Ford Motor Company,* No. 5:21-cv-01200-SB-SHK (C.D. Cal. 2021) [attorneys' fees, costs and expenses resolving for $2,500 despite five depositions of plaintiff and Ford dealership personnel and written discovery]; *Valdez v. FCA US, LLC,* No. 2:21-cv-06318-FLA-JEM (C.D. Cal. 2021) [attorneys' fees, costs and expenses resolving for $5,500]; *Aguilar v. FCA US, LLC,* No. 2:21-cv-05813-AB (Asx) (C.D. Cal. 2021) [attorneys' fees, costs and expenses resolving for $5,500]; *Valle v. FCA,* No. 5:21-cv-01131-JWH-SHKx (C.D. Cal. 2022) [attorneys' fees, costs and expenses resolving for $9,500]).

"While a defendant may meet its burden to establish a reasonable estimate of attorneys' fees by identifying awards in other cases, those cases *must be similar enough to the case at hand* that the court can conclude that it is more likely than not that the plaintiff may incur a similar fee award." *Kaplan v. BMW of North America, LLC,* No. 21-CV-857 TWR (AGS), 2021 WL 4352340 *6 (S.D. Cal. Sept. 24, 2021) (emphasis added). Defendant offers no evidence that would show the instant case to be more similar to the cases it cites for showing attorneys' fees than to the cases Plaintiffs' cites above with regard to a potential award of attorneys' fees. Defendant

-9-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA

speculates, at best, to potential future attorneys' fees in this case and the little evidence it does provide does not support its conclusion that fees here would be $45,000 or more. Therefore, attorneys' fees should be excluded from the court's computation of the amount in controversy, and Defendant has failed to meet its burden. Absent any such evidence, attorneys' fees are entirely speculative and cannot form the basis of an amount-in-controversy determination in this action.

## V.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this case be remanded to California Superior Court because Defendant has failed to meet its burden for removal.

Dated:      March 2, 2023                    **KNIGHT LAW GROUP LLP**

*/s/ Maite Colon*
Roger Kirnos (SBN 283163)
Maite Colon (SBN 322284)
Attorneys for Plaintiffs,
IGNACIO IBARRA AMAVIZCA
and PRICILA IBARRA

-10-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA